## LOWDEN et al. v. McANDREWS.
### Civil Action No. 408.

District Court, D. Minnesota, Fourth Division.

May 15, 1941.

E. S. Stringer, of St. Paul, for plaintiff.

John T. Rohwedder, of Minneapolis, for defendant.

NORDBYE, District Judge.

The above matter came on for hearing on May 12, 1941, at a special term at Minneapolis, Minnesota, on plaintiffs' motion for summary judgment. E. S. Stringer appeared as attorney for plaintiffs, but there was no appearance for defendant at the hearing, although notice of the motion was served on defendant's attorney, by registered mail, as provided in Rule 5(b) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

It appears that the summons and complaint were served on defendant on December 9, 1940. On December 28, 1940, defendant served his answer, but said answer has never been filed. A copy thereof

is attached to the affidavit of E. S. Stringer on file herein. By said answer, defendant admitted the appointment of the Trustees under Section 77 of the Bankruptcy Act, 11 U.S.C.A. § 205, and that they operated as a common carrier a line of railroad, but denied all other allegations.

On March 18, 1941, plaintiffs, pursuant to Rule 36, served on defendant a "Request for Admission," whereby defendant was requested to admit that on August 8, 1939, at Martell, California, he delivered to the Southern Pacific Company the shipment described in the complaint for transportation to Minneapolis, Minnesota. No answer to said request having been served within the time prescribed (fifteen days), said facts stand admitted.

From the affidavits attached to the motion, the tariff charges for transportation and storage, the facts with respect to the notification given the parties, the advertising of said property for sale, and the sale thereof clearly appear, no counter-affidavits having been filed.

From the complaint and answer, the request for admission, and the affidavits attached to the motion for summary judgment, I find as

### Facts:

(1) Plaintiffs are the Trustees duly appointed under Section 77 of the Bankruptcy Act by the United States District Court for the Northern District of Illinois, Eastern Division, and as such are operating as a common carrier the properties of the Chicago, Rock Island and Pacific Railway Company.

(2) This action arises under the laws of the United States regulating commerce, to-wit: the Interstate Commerce Act, 49 U.S.C.A. § 1 et seq., and the Transportation Act of 1920, 49 U.S.C.A. § 71 et seq., and the Court has jurisdiction hereof.

(3) On or about August 8, 1939, at Martell, California, the defendant delivered to the Southern Pacific Company one rock crusher and motor, one feed hopper, one balancer, and one box of parts, weighing 1,818 pounds, consigned over the lines of various carriers, including the lines of the plaintiffs as final carrier, to Minneapolis, Minnesota, there to be delivered to the Charleston Manufacturing Company.

(4) Said shipment was duly transported to destination to Minneapolis, Minnesota, where the same arrived on August 24, 1939, and on that date, and on numerous dates thereafter, plaintiffs duly notified the consignee, but it wholly refused to accept said shipment. Thereupon, plaintiffs on September 18, 1939, and at numerous dates thereafter, notified defendant of the refusal of the consignee to accept said shipment, but defendant refused to accept the same, and refused to give any disposition thereof.

(5) Said shipment remained in plaintiffs' possession in its freight house unclaimed until January 9, 1940. On or about December 9, 1939, plaintiffs gave notice that said shipment would be sold on January 9, 1940, at plaintiffs' freight house in Minneapolis, Minnesota, to the highest bidder for cash, and the proceeds applied to the transportation and storage charges, and the cost of said sale. Notice of said sale was published in the Minneapolis Star Journal at Minneapolis, Minnesota, on December 11, 1939, and on December 21, 1939, and such notice likewise was given to the defendant and to the consignee of said shipment. On January 9, 1940, said shipment was sold to the highest bidder for cash for the sum of $17.50.

(6) The freight charges for transporting said shipment, in accordance with the tariffs duly filed with the Interstate Commerce Commission, were the sum of $78.09, and the storage charges for storing said property amounted to $35.63. The cost of said sale, i.e., the cost of publishing said notice in the Minneapolis Star Journal, was the sum of $15.80, or a total of $129.52, no part of which has ever been paid, except the sum of $17.50 (the amount received upon said sale), leaving the sum of $112.02 due and payable from defendant to plaintiffs.

I find and determine as

### Conclusions of Law:

(1) There is no genuine issue as to any material fact to be tried or determined herein.

(2) Plaintiffs are entitled to judgment against defendant in the sum of $112.02, and interest at 6% per annum from and since January 9, 1940, together with plaintiffs' costs and disbursements to be taxed and allowed herein.

Let judgment be entered accordingly.